UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JORGE L. QUINTANA, § | |
| § | |
| Plaintiff, § | |
| § | |
| vs. § | |
| § | No. SA:14-CV-381-DAE |
| McCOMBS FORD WEST and § | |
| McCOMBS ENTERPRISES, INC, § | |
| § | |
| Defendants. § | |

ORDER ADOPTING MAGISTRATE JUDGE'S MEMORANDUM AND
RECOMMENDATION

Before the Court are Objections to the Magistrate Judge's Memorandum and Recommendation filed by Plaintiff Jorge L. Quintana (Dkt. # 23). After careful consideration and for the reasons stated below, the Court **ADOPTS** the Magistrate Judge's Memorandum and Recommendation (Dkt. # 19).

BACKGROUND

Plaintiff filed a complaint on May 12, 2014. (Dkt. # 8.) Plaintiff alleged that Defendants McCombs Ford West and McCombs Enterprises, Inc. (collectively "McCombs") failed to pay minimum wages

1

or overtime wages as required by the Fair Labor Standards Act ("FLSA") during Plaintiff's employment. (Dkt. # 8 at 1.)

Subsequently, Plaintiff filed a Motion for Order to Show Cause for Employment Reinstatement (Dkt. # 2) and a Motion for a Hearing (Dkt. # 6). The Court referred both of these motions to Magistrate Judge Primomo who held a hearing on June 11, 2014. (See dkt. # 16.) Magistrate Judge Primomo issued the instant Memorandum and Recommendation (Dkt. # 19) on June 13, 2014. On June 26, 2014, Plaintiff filed his objections (Dkt. # 23).

## STANDARD OF REVIEW

The Court conducts a de novo review of any of the Magistrate Judge's conclusions to which a party has specifically objected. See 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made."). Findings as to which no specific objections are made do not require de novo review; the Court need only determine whether the Memorandum and Recommendation is clearly erroneous or contrary to law. See United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989).

DISCUSSION

Magistrate Judge Primomo construed Plaintiff's Motion as a motion for a preliminary injunction seeking Plaintiff's reinstatement. (Dkt. # 19 at 1.)  The Magistrate Judge found that Plaintiff's Motion should be denied, and Plaintiff's Motion for a Hearing should be denied as moot.  The Magistrate Judge outlined that four criteria must be met before a preliminary injunction may issue:  (1) there must be a substantial likelihood that Plaintiff will prevail on the merits; (2) there must be a substantial threat that Plaintiff will suffer irreparable injury if the injunction is not granted; (3) the threatened injury to Plaintiff must outweigh the threatened harm the injunction may cause Defendant; and (4) the granting of the preliminary injunction will not disserve the public interest.  <u>Canal Auth. of Fla. V. Callaway</u>, 489 F.2d 567, 572 (5th Cir. 1974.)  The Magistrate Judge then found that Plaintiff could not show that his injury was irreparable, and therefore, recommended denying the Motion.  (Dkt. # 19 at 5.)

Plaintiff filed Objections (Dkt. # 23) on June 26, 2014.  Plaintiff appears to object to the Magistrate Judge's conclusion that his injury is not irreparable.[1]  (Dkt. # 23 at 1–2.)  Plaintiff argues that "the risk

---

[1] In Plaintiff's Objections, it appears that he is no longer seeking reinstatement because he does not believe he will ever be welcome back at Defendant's business.  (Dkt. # 23 ¶ 10.)  However, because Plaintiff does

3

of irreparable damage arising from the consequences of what may have been a retaliatory discharge suffices, in the circumstances of this case, to satisfy the irreparable damage requirement for a preliminary injunction." (Id. at 2.)

In support of Plaintiff's argument, he cites to Holt v. Continental Group, Inc., 708 F.2d 87 (2d Cir. 1983). In Holt, the Second Circuit suggested that although monetary damages are insufficient to show irreparable injury in employee discharge cases, they may be sufficient in a retaliatory discharge case. Holt, 708 F.2d at 90–91. "A retaliatory discharge carries with it the distinct risk that other employees may be deterred from protecting their rights . . . or from providing testimony for the plaintiff in her effort to protect her own rights. These risks may be found to constitute irreparable injury." Id. at 91. However, the Second Circuit limited its holding by refusing to accept that every retaliation case creates "irreparable injury sufficient to warrant a preliminary injunction." Id.

Plaintiff argues that he will suffer irreparable injury because if he is not reinstated it "will be catastrophic to the Plaitniff's [sic] and his family, 'detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, general well-being of Plaintiff's [sic] and his family' for those reason [sic]." (Dkt. # 2 ¶ 16.)

---

specifically object to a finding by Magistrate Judge Primomo, the Court will address it for the sake of thoroughness.

In Defendant's response, it argues that Plaintiff cannot show irreparable injury because the FLSA "provides a remedy for his alleged injuries in the form of back-pay, other monetary damages, and if Plaintiff can show retaliatory discharge, reinstatement." (Dkt. # 14 ¶ 9.) Defendant argues that the availability of this relief neutralizes any claim that Plaintiff's injury is irreparable. (Id.)

In Plaintiff's reply, he maintains that he will suffer irreparable injury because he will not be able to pay his and his family's living expense. (Dkt. # 15 ¶ 1.)

The Fifth Circuit maintains that whether an injury is irreparable can "depend on the circumstances surrounding each case." Morgan v. Fletcher, 518 F.2d 236, 239 (5th Cir. 1975). The Fifth Circuit recognized that in evaluating this element of the preliminary injunction analysis,

> [t]he key word in this consideration is irreparable. Mere injuries, however, substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough. The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weights heavily against a claim of irreparable harm.

Id. (quoting Virginia Petroleum Jobbers Ass'n v. Fed. Power Comm'n, 259 F.2d 921 (D.C. Cir. 1958)); see also Bures v. Houston Symphony Soc., 503 F.2d 842 (5th Cir. 1974) (finding the injury of loss of wages was not

5

irreparable because if the plaintiff prevailed on the merits, the monetary loss could be calculated and granted to him).

The Court acknowledges that the Second Circuit permits, monetary damages to suffice to show irreparable injury in some retaliatory discharge cases.  Holt, 708 F.2d at 90.  However, even the Second Circuit recognizes that this is not applicable to every retaliatory discharge case.  Id. at 91.  Even if this Court were to accept the Second Circuit's pronouncements, there is no evidence that a denial of a preliminary injunction in Plaintiff's case will dissuade others from filing complaints under the FLSA.

In contrast, the law in the Fifth Circuit is clear that a showing of irreparable injury is required to obtain a preliminary injunction and that monetary injuries, which could be remedied if Plaintiff prevails in his case, are insufficient to constitute irreparable injury.  Therefore, the Court finds that Plaintiff is not entitled to a preliminary injunction.

CONCLUSION

For the reasons stated above, the Court **ADOPTS** the Magistrate Judge's Memorandum and Recommendation (Dkt. # 19), **DENIES** Plaintiff's Motion for a Preliminary Injunction Seeking

Reinstatement (Dkt. # 2), and **DENIES AS MOOT** Plaintiff's Motion for Hearing (Dkt. # 6).

        IT IS SO ORDERED.

        DATED:  San Antonio, Texas, June 30, 2014.

_____

David Alan Ezra
Senior United States Distict Judge